**4**

JaVonne M. Phillips, Esq. SBN 187474
Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for
Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | ) Case No. 15-21707 |
| | ) |
| | ) DC No. JCW-1 |
| Judith Layugan, | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) |
| | ) **OBJECTION TO CONFIRMATION** |
| | ) **OF CHAPTER 13 PLAN** |
| | ) |
| | ) |
| | ) |
| | ) **Confirmation Hearing:** |
| | ) Date: 5/19/2015 |
| | ) Time: 3:00 PM |
| | ) Ctrm: 33, Dept. E, 6th Floor |
| | ) Place: Robert T. Matsui United States |
| | )             Courthouse |
| | )             Sacramento CA |
| | ) |
| | ) |
| | ) Judge: Ronald H. Sargis |
| | ) |
| | ) |

1    Bank of America, N.A., ("Secured Creditor") in the above-entitled Bankruptcy
2 proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan
3 proposed by ("Debtor") Judith Layugan.

4    1.    Secured Creditor is entitled to receive payments pursuant to a Promissory Note
5 which matures on 8/1/2035 and is secured by a First Deed of Trust on the subject property
6 commonly known as 8864 La Riviera Dr #D, Sacramento, CA 95826-2064. ("First Lien").  As of
7 3/3/2015, the amount in default was approximately $21,337.96.

8    2.    Secured Creditor is further entitled to receive payments pursuant to a Promissory
9 Note which was issued on 7/25/2005 and is secured by a Second Deed of Trust on the Property
10 (Second Lien). The approximate arrears on this lien are $1,609.07.

11    3.    Proofs of Claim for both liens will be filed on or before the claims deadline of
12 7/15/2015; however, Secured Creditor submits the following objections to timely preserve its
13 rights and treatment under the proposed Plan as to both its First Lien and its Second Lien.

14    4.    The proposed Plan does not provide for arrearages owed to Secured Creditor on
15 either lien.  Pursuant to 11 U.S.C. §1322(b)(2), b(5) and 1325 (a)(5)(B), the proposed plan must
16 provide for full payment of the arrearages as well as ongoing monthly payments pursuant to the
17 Note and Deed of Trust. To cure the pre-petition arrearages on both liens within 60 months,
18 Secured Creditor must receive a minimum payment of $382.45 per month from the Debtor
19 through the Plan.  Although Debtor does not provide for payments to Secured Creditor, Debtor's
20 Plan provides for payments to the Trustee in the amount of $2,336.74 per month for 60 months.
21 Debtor may not have sufficient funds available to cure the arrears within 60 months since the
22 entire net income has already been allocated to the Plan. A true and correct copy of Debtor's
23 Schedules I and J is attached hereto as **Exhibit "1"**.

24    5.    Instead, in Section 6.01, Debtor is proposing to exclude the liens from the plan
25 and attempt to short sale the property. Secured Creditor does not object to Debtor's intent to sell
26 the Property.  Secured Creditor, however, objects if Debtor does not intend to continue making
27 the regular post-petition payments.  Courts have long held that a plan should be not be confirmed
28 where it is proposing a balloon payment or otherwise is contingent on a speculative event to take
29 place in during the life of the plan such as the sale of the property. See <u>In Re Gavia</u>, 24 BR

1  573,574 (B.A.P. 9th Cir, Cal. 1982).   Until such time the property is sold, the Plan must provide
2  for maintenance of the current payments on the loan while the Chapter 13 case is pending.  11
3  U.S.C. § 1322(b)(5); <u>In Re Glasper</u>, 28 B.R. 6, 7-8 (B.A.P. 9th Cir. 1983). If Debtor does not
4  intend on making payments and intends to exclude Secured Creditor from the Plan, then both
5  liens should be placed in Class 4 or Class 3 of the Plan wherein Secured Creditor is provided
6  relief from stay upon confirmation.

7      6.  In addition, Secured Creditor has not approved a short sale offer on the Property.
8  The plan does not specify a time period to which Debtor must obtain approval or what happens if
9  the short sale proposal is denied. The Plan is silent as to an alternative treatment.  If the short sale
10 is denied, Secured Creditor should at least be afforded relief from the automatic stay if the Plan
11 does not propose to cure the delinquency on the liens.

12     7.  Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall
13 commence making the payments proposed by the Plan within 30 days after the Petition is filed.
14 The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed.  As
15 such, the Plan cannot be confirmed.

16

17 <center>CONCLUSION</center>

18   Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the
19 Objections specified above in order to be reasonable and to comply with applicable provisions of
20 the Bankruptcy Code.  Secured Creditor respectfully requests that confirmation of the Chapter 13
21 Plan as proposed by the Debtor be denied, or in the alternative, be amended to provide for full
22 payoff of the arrearages owed to Secured Creditor.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///
29 ///

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor within 60 months or placed in Class 3 or Class 4 of the Plan;

2. For attorneys' fees and costs herein,

3. For such other relief as this Court deems proper.

Respectfully submitted,

**McCarthy & Holthus, LLP**

4/23/2015

By: /s/ Jennifer C. Wong
Jennifer C. Wong, Esq.
Attorney for Bank of America, N.A.