## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| Case Title : | Judith Layugan | Case No : | 15−21707 − E − 13C |
|---|---|---|---|
| | | Date : | 05/19/2015 |
| | | Time : | 03:00 |

| Matter : | [23] – Objection to Confirmation of Plan by Bank of America, N.A. [JCW−1] Filed by Creditor Bank of America, N.A. (dchf) |
|---|---|

| Judge : | Ronald H. Sargis | Courtroom Deputy : | Janet Larson |
|---|---|---|---|
| Department : | E | Reporter : | Diamond Reporters |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Creditor's Attorney – Jennifer Wong
**Respondent(s) :**
   Neil Enmark (for the Trustee)

OBJECTION was :
Sustained
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014−1(f)(2) Motion.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtor's Attorney, Chapter 13 Trustee, all creditors, parties requesting special notice, and Office of the United States Trustee on April 23, 2015. By the court's calculation, 26 days' notice was provided. 14 days' notice is required.

The Objection to the Plan was properly set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(2) and the procedure authorized by Local Bankruptcy Rule 3015−1(c)(4). The Debtor, Creditors, the Trustee, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion.

No opposition was presented at the hearing. The Defaults of the non−responding parties are entered by the court.

The court's decision is to sustain the Objection.

Bank of America, N.A., opposes confirmation of the Plan on the basis that the proposed plan does not provide for the arrearages owed to Creditor on either of the two liens owed to the Creditor by the Debtor. The Debtor's plan does not provide for payments to the Creditor and instead proposes to attempt to short sell the property.

The Creditor states that while it has no objection to the Debtor short selling the property, the Creditor does object if Debtor does not intend to continue making regular post−petition payments. The proposed plan does not propose a time period to obtain approval for a short sale or an alternative if a short sale does not happen.

The Creditor's objections are well−taken. The Creditor alleges that the plan is not feasible, See 11 U.S.C. § 1325(a)(6), and violates 11 U.S.C. § 1322(b)(2) because it contains no provision for payment of the

creditor's matured obligation, which is secured by the Debtor's residence.

11 U.S.C. § 1322(a) is the section of the Bankruptcy Code that specifies the mandatory provisions of a plan. It requires only that the Debtor adequately fund the plan with future earnings or other future income that is paid over to the Trustee, 11 U.S.C. § 1322(a)(1), provide for payment in full of priority claims, 11 U.S.C. § 1322(a)(2) & (4), and provide the same treatment for each claim in a particular class, 11 U.S.C. § 1322(a)(3). But, nothing in § 1322(a) compels a debtor to propose a plan that provides for a secured claim.

11 U.S.C. § 1322(b) specifies the provisions that a plan may include at the option of the debtor. With reference to secured claims, the debtor may not modify a home loan but may modify other secured claims, 11 U.S.C. § 1322(b)(2), cure any default on a secured claim, including a home loan, 11 U.S.C. § 1322(b)(3), and maintain ongoing contract installment payments while curing a pre–petition default, 11 U.S.C. § 1322(b)(5).

If a debtor elects to provide for a secured claim, 11 U.S.C. § 1325(a)(5) gives the debtor three options:

(1) provide a treatment that the debtor and secured creditor agree to, 11 U.S.C. § 1325(a)(5)(A),
(2) provide for payment in full of the entire claim if the claim is modified or will mature by its terms during the term of the Plan, 11 U.S.C. § 1325(a)(5)(B), or
(3) surrender the collateral for the claim to the secured creditor, 11 U.S.C. § 1325(a)(5)(C).

However, these three possibilities are relevant only if the plan provides for the secured claim.

When a plan does not provide for a secured claim, the remedy is not denial of confirmation. Instead, the claim holder may seek the termination of the automatic stay so that it may repossess or foreclose upon its collateral. The absence of a plan provision is good evidence that the collateral for the claim is not necessary for the Debtor's reorganization and that the claim will not be paid. This is cause for relief from the automatic stay. See 11 U.S.C. § 362(d)(1).

Notwithstanding the absence of a requirement in 11 U.S.C. § 1322(a) that a plan provide for a secured claim, the fact that this Plan does not provide for the respondent creditor's secured claim, raises doubts about the Plan's feasibility. See 11 U.S.C. § 1325(a)(6). This is reason to sustain the objection.

Here, the Debtor's plan does not provide for the Creditor's claim and instead suggests a short sale of the property to satisfy the Creditor's claim. However, as the Creditor notes, the proposed plan does not provide any specifics on the time frame, the authorization, or the alternative to the short sale. The plan does not sufficiently provide for the treatment of the Creditor.

Therefore, the Plan does not comply with 11 U.S.C. §§ 1322 and 1325(a). The objection is sustained and the Plan is not confirmed.